11-1701-ag
Luo v. Holder
BIA
Nelson, IJ
A094 925 193

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of November, two thousand twelve.

PRESENT:
>  RICHARD C. WESLEY,
>  DENNY CHIN,
>  SUSAN L. CARNEY,
>       *Circuit Judges.*

_____

XIAO XIA LUO,
>       *Petitioner,*

>       v.                                    11-1701-ag
>                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Eric Zheng, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Douglas E. Ginsburg,
                         Assistant Director, Judith R.
                         O'Sullivan; Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiao Xia Luo, a native and citizen of the People's Republic of China, seeks review of a decision of the BIA affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Xia Luo*, No. A094 925 193 (B.I.A. Apr. 13, 2011), *aff'g* No. A094 925 193 (Immig. Ct. N.Y. City, Mar. 18, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v.* Mukasey, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications, like Luo's, governed by the REAL ID Act, the agency may base a credibility determination on the

2

applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. This Court "defer[s] . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's adverse credibility determination, as it was properly based on inconsistencies between Luo's airport interview and her asylum application and hearing testimony, and Luo's "hesitant and nonresponsive" testimony. Luo argues that her airport interview was unreliable. Where discrepancies arise from an applicant's statements in an airport interview, we examine the record of the interview to ensure that "it represents a sufficiently accurate record of the alien's statements to merit consideration in determining whether the alien is credible." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004).

Here, the agency reasonably found the record of Luo's airport interview sufficiently reliable because: (1) it appears to be a verbatim transcript; (2) the questions posed to Luo at the interview were open-ended and designed to determine whether she had suffered harm or feared returning to China; (3) there were no indications at Luo's airport interview that she feared the interviewing officers, and Luo did not object to the introduction of the record of her interview into evidence before the IJ; and (4) Luo was provided an interpreter in Mandarin, her preferred language, and did not object in any way to the translation provided to her. *See id.* at 180.

Having concluded that the airport interview was a reliable record of Luo's statement, the agency reasonably based its adverse credibility finding on Luo's failure to mention in her airport interview her later allegation that she was arrested, detained, and beaten by Chinese police who sought information about her parents' whereabouts in connection with their Falun Gong practice. *See Xiu Xia Lin*, 534 F.3d at 166 & n.3. The agency was not required to credit Luo's explanation for this omission, that she was afraid of her interviewer and nervous, because there were no

4

indications in the record that she feared her interviewers, she answered all of their questions, and she twice stated during the interview that she came to the United States to work. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005).

Moreover, it was well within the agency's discretion to decline to afford Luo's parents' and cousin's supporting affidavits probative value due to evidentiary concerns. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2005). Finally, the agency reasonably relied on Luo's "hesitant and nonresponsive" testimony in finding her not credible because Luo repeatedly declined to directly answer the government's questions concerning her brother, who remains in China. *See Dong Gao v. B.I.A.*, 482 F.3d 122, 126-27 (2d Cir. 2007). Ultimately, the agency's adverse credibility determination was supported by substantial evidence and thus precludes success on Luo's claim for withholding of removal and CAT relief based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). Because the agency's credibility finding is dispositive, we need not reach its alternative nexus finding.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
